IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Howard Boddie, Jr.,                    :

       Plaintiff,                       :

    v.                                 :       Case No. 2:15-cv-06

Scott J. Van Steyn,                    :       JUDGE GEORGE C. SMITH
                                               Magistrate Judge Kemp
       Defendant.                       :


REPORT AND RECOMMENDATION


    Plaintiff, Howard Boddie, Jr., a state prisoner, filed this
civil rights action under 42 U.S.C. §1983 against Scott J. Van
Steyn, who is, according to the complaint, a doctor in private
practice with Ohio Riverside Sports Medicine.  Mr. Boddie has not
paid the filing fee, but has filed a motion for leave to proceed
*in forma pauperis.*  That motion was accompanied by the required
trust fund statement from his institution.  In the usual case,
the Court would assess a partial filing fee based on that trust
fund statement.

    However, Mr. Boddie has had three or more cases dismissed in
the past as frivolous or for failure to state a claim.  See,
e.g., Boddie v. Prisley, 2014 WL 4080070, Case No. 2:14-cv-1228
(S.D. Ohio August 19, 2014), affirmed 2014 WL 5432134 (S.D. Ohio
October 27, 2014)(dismissed for failure to state a claim);
Boddie v. Barstow, 2014 WL 2611321, Case No. 2:14-cv-106 (S.D.
Ohio May 2, 2014), affirmed 2014 WL 2608123 (S.D. Ohio June 11,
2014)(dismissed for failure to state a claim); Boddie v. O'Brien,
Case No. 2:12-cv-227 (S.D. Ohio May 14, 2012), affirmed (S.D.
Ohio July 16, 2012) (unpublished)(dismissed, in part, on grounds
of judicial and prosecutorial immunity).

    With respect to the dismissal in Boddie v. O'Brien, the
Court notes that a dismissal on grounds of judicial or

prosecutorial immunity is a dismissal for failure to state a claim.  See, e.g., Elliott v. Causeys Junkyard and Auto Parts, 2015 WL 420192 (W.D. Ky. January 30, 2015)(prosecutor entitled to immunity and case dismissed as frivolous and for failure to state a claim); Bumpas v. Tennessee, 2013 WL 1836004 (M.D. Tenn. May 1, 2013)(judicial and prosecutorial immunity applied and case dismissed for failure to state a claim); McCoy v. Oswalt, 2007 WL 1674262 (S.D. Ohio June 7, 2007)(prosecutorial immunity applied and claim dismissed for failure to state a claim).  Further, a complaint which is dismissed only in part for failure to state a claim is counted as a strike under 28 U.S.C. 1915(g).  Pointer v. Wilkinson, 502 F.3d 369, 377 (6th Cir. 2007).  Additionally, the fact that Boddie v. Barstow was pending on appeal at the time of Mr. Boddie's filing of this action (it has since been affirmed, see Case No. 14-3592 (6th Cir. February 2, 2015)) does not preclude the Court from counting that case as a strike.  Coleman v. Tollefson, 733 F.3d 175, 177 (6th Cir. 2013)("A literal reading of 1915(g) requires district courts to count as strikes cases that are dismissed on the grounds enumerated in the provision even when pending on appeal").

Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit in forma pauperis if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, he is not entitled to proceed in forma pauperis and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g).  Otherwise, he must pay the entire

filing fee (currently $400.00) at the outset of the case.

   For purposes of determining whether a pleading satisfies this exception, the court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. Vandiver v. Vasbinder, 416 Fed.Appx. 560, 562 (6th Cir. March 28, 2011)(table)(noting that "the plain language of 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing").  Although the Court of Appeals has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." Rittner v. Kinder, 290 Fed.Appx. 796, 797 (6th Cir. August 20, 2008).  Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." Tucker v. Pentrich, 2012 WL 1700701, at *1 (6th Cir. May 15, 2012), citing Rittner, supra.

   Mr. Boddie has not addressed the issue of "imminent danger" in his initial motion (#1).  Further, imminent danger is not apparent from the allegations of the complaint.  Rather, the focus of Mr. Boddie's complaint relates to the alleged unauthorized disclosure of Mr. Boddie's medical information in 2009.

   In summary, Mr. Boddie has failed to show that he was under imminent danger of serious physical injury as defined by §1915(g) for purposes of his current complaint filed while he was incarcerated at the Chillicothe Correctional Institution. Consequently, the Court recommends that the pending motion to proceed in forma pauperis be denied and that Mr. Boddie be required to pay the entire $400.00 filing fee.  The Court further recommends that, if Mr. Boddie fails to pay the entire filing fee within thirty days of an order adopting this Report and Recommendation, this action be dismissed without prejudice for

failure to prosecute and that Mr. Boddie still be assessed the $400.00 filing fee.  See, e.g., Cohen v. Growse, 2011 WL 947085, *5-6 (E.D. Ky. March 14, 2011); see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).

### IV.  Recommended Decision

Based on the above discussion, it is recommended that the motion to proceed in forma pauperis (#1) be denied and that plaintiff be required to pay the entire $400.00 filing fee.  It is further recommended that plaintiff's failure to do so within 30 days of an order adopting this Report and Recommendation should result in this action being dismissed without prejudice for failure to prosecute and the assessment of the $400.00 filing fee against plaintiff.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140

-4-

(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


                                              <u>/s/ Terence P. Kemp</u>
                                              United States Magistrate Judge